## EURAN H. HOBBS *vs.* IVORY L. WALKER.

*Sheriff's deed of an equity of redemption—validity of.*

A sheriff's deed of an equity of redemption, executed at the time of the sale on execution, conveys to the purchaser all the judgment debtor's right, title, and interest in the premises, as against the debtor having legal notice of the sale, although the deed was not acknowledged, delivered or recorded until three months and fourteen days after the sale.

ON EXCEPTIONS.
WRIT OF ENTRY.

It was agreed that on July 8, 1868, the defendant being seized in fee of the demanded premises, conveyed them in mortgage to one Thompson, who on April 30, 1869, assigned and transferred the mortgage and note thereby secured to the plaintiff; that on Jan. 16, 1869, the equity of redeeming the premises from said

Hobbs v. Walker.

mortgage was duly seized, notified, and sold by one Mitchell, a deputy-sheriff of this county, on an execution against the defendant, and the same was duly purchased by the plaintiff; that the officers' deed conveying the same to the plaintiff was made on the day of sale, but was not acknowledged, delivered, or recorded until April 30, 1869.

All the proceedings prior to the execution of the officer's deed were in due form.

The plaintiff claimed to have judgment for the premises by virtue of the mortgage and officer's deed.

The defendant contended that judgment should go as on mortgage only, because the officer's deed was not acknowledged, delivered, or recorded within the three months prescribed by R. S., 1857, c. 76, § 33.

The presiding judge ordered judgment for the plaintiff as on mortgage, and the plaintiff alleged exceptions.

*Ira T. Drew*, for the plaintiff.

*S. K. & B. F. Hamilton*, for the defendant.

DANFORTH, J. The only question involved in this case is whether an officer's deed of an equity of redemption, not recorded within three months, is void under R. S., 1857, c. 76, § 33. In *Houghton* v. *Bartholomew*, 10 Met. 138, it was held that a similar deed was good as against a subsequent purchaser with notice. Much more would it seem to be good against the debtor, who, as the case finds, had the legal notice of the sale.

The Statute of Massachusetts under which that decision was made is the same as our own. The opinion in that case is elaborate, meeting every objection raised in the agreement, and is, in our opinion sound.                    *Exceptions sustained.*

APPLETON, C. J.; CUTTING, WALTON, and DICKERSON, JJ., concurred.